IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

RED LION HOTELS FRANCHISING, INC., a Washington corporation,

    Plaintiff,

vs.

TIMOTHY NYSTROM, an individual; DONNA NYSTROM, an individual; LOUIS SCOTT TARWATER, an individual; DONNA TARWATER, an individual; ROB LAWSON, an individual; and CARRIE GENUALDI, an individual,

    Defendants.

## COMPLAINT

Plaintiff Red Lion Hotels Franchising, Inc. ("Red Lion") submits its complaint against Defendants Timothy Nystrom, Donna Nystrom, Louis Scott Tarwater, Donna Tarwater, Rob Lawson, and Carrie Genualdi.

## PARTIES

1. Plaintiff Red Lion is a Washington corporation with its principal place of business in Denver, Colorado and is therefore a citizen of the States of Washington and Colorado.

2. Defendants Timothy Nystrom and Donna Nystrom are husband and wife and are residents of Southlake, Texas and citizens of the State of Texas.

3. Defendants Louis Scott Tarwater and Donna Tarwater are husband and wife and are residents of Flower Mound, Texas and citizens of the State of Texas.

4. Defendants Rob Lawson Carrie Genualdi are husband and wife and are residents of Flower Mound, Texas and citizens of the State of Texas.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the Defendants pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, Red Lion is a Washington corporation with its principal place of business in Denver, Colorado, and Defendants are citizens and residents of Texas.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the contracts giving rise to this action contemplate that the state and federal courts of Colorado will be the exclusive venues for any dispute between the parties. Moreover, a substantial part of the events or omissions giving rise to Red Lion's claims occurred in this district because as Red Lion entered into contracts with Defendants while doing business in this district and Defendants' payments were and are due to Red Lion as part of its business in this district.

7. This Court has personal jurisdiction over Defendants because Defendants consented to this Court's jurisdiction, and Defendants entered into transactions with Red Lion (whose principal place of business is located within the bounds of this court).

## FACTUAL ALLEGATIONS

**A.   Franchise Agreement**

8. Red Lion entered into a Franchise Agreement effective August 14, 2018 (the "Franchise Agreement") with Newstream Hotel Partners – IAH LLC ("Newstream").

9. Under the Franchise Agreement, Red Lion granted Newstream the limited right to use Red Lion's intellectual property in connection with the operation of one hotel.

10. In exchange for this right and other consideration given, Newstream agreed to operate the hotel in accordance with the Franchise Agreement and to pay certain application,

franchise, royalty, program, reservation, and other fees, including those identified in Section 7 of the Franchise Agreement, as well as obligations due under the Note (as defined below). Newstream agreed to pay Red Lion's attorney fees should Red Lion hire legal counsel to collect any amounts due under the Franchise Agreement.

11. The Franchise Agreement gave Red Lion the privilege of terminating Newstream's rights if it failed to pay its debts under the Franchise Agreement. In the event of termination, Newstream would be required to immediately pay Red Lion all outstanding debts, together with liquidated damages. As of the termination of the Franchise Agreement, Newstream owed Red Lion not less than $661,540.91, not including interest, fees, costs, and other amounts owed thereunder.

**B.     Promissory Note**

12. Newstream executed and delivered to Red Lion a Promissory Note dated August 14, 2018 (the "Note"). Red Lion extended loans under the Note in the original principal amount of $200,000.

13. Upon termination of the Franchise Agreement, Newstream was required to pay Red Lion the outstanding unamortized principal balance under the Note, plus interest at the higher of 18 percent per annum and the maximum rate permissible under applicable law.

14. On March 27, 2020, Red Lion terminated the Franchise Agreement by sending a Termination Letter due to Newstream's breach of the Franchise Agreement. As of the termination of the Franchise Agreement, the unamortized principal balance under the Note was $185,006.00 not including interest, fees, costs, and other amounts owed thereunder.

15. Newstream defaulted in its obligations under the Note by failing to make payment as and when required.

4852-0882-4255v.4 0088456-000094

16. The Note requires Newstream to pay Red Lion's attorney fees and other costs and expenses incurred in collecting or enforcing the Note.

17. On April 28, 2020, Newstream filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Texas under case number 20-41064.

**C.     Defendants' Personal Guaranty of the Franchise Agreement and Note**

18. Defendants entered into a Guaranty and Assumption of Obligations dated August 14, 2018 (the "Guaranty") whereby they personally guaranteed Newstream's performance under the Franchise Agreement, which by its terms also made Defendants responsible for Newstream's performance under the Note.

19. Defendants are each identified collectively as the "Guarantor" under the Guaranty.

20. Defendants also acknowledged that the Guaranty bound the assets of each of their marital estates. Newstream is identified in the Guaranty as "Newstream Hotel and Hospitality, LLC" but this is a scrivener's error; there is no franchise agreement between Red Lion and an entity with that name, and the parties intended to refer to Newstream and the Franchise Agreement.

21. The Guaranty states that Defendants will be jointly and severally liable for the payment and performance of all obligations under the Franchise Agreement, which includes obligations to repay the Note.

22. The Guaranty specifies that any enforcement action under the Guaranty will be governed by laws of Colorado and that Defendants submit to the exclusive jurisdiction of the federal and state courts in Colorado. Defendants also waived any objection to venue in this Court.

-4-

23.     The Guaranty also required Defendants to reimburse Red Lion for all attorney fees, costs, and other expenses incurred in connection with collecting or enforcing the Guaranty.

## CLAIM FOR RELIEF
## Breach of Contract

24.     Newstream breached its Franchise Agreement by failing to operate the hotel and failing to pay fees, costs, and other amounts payable under the Franchise Agreement.

25.     Red Lion terminated the Franchise Agreement due to Newstream's failure to perform under the terms of the Franchise Agreement.

26.     Under the Franchise Agreement and the Note, upon termination of the Franchise Agreement, Newstream was required to pay Red Lion the principal balance plus interest.

27.     Under the Guaranty, Defendants unconditionally guaranteed Newstream's obligations to Red Lion under the Franchise Agreement, which includes obligations to repay the Note.

28.     Neither Newstream nor Defendants have paid Red Lion's outstanding fees, costs, or interest accrued under the Franchise Agreement or Note. Defendants are therefore jointly and severally liable for all payments and obligations under the Franchise Agreement and Note.

29.     Red Lion is entitled to recover damages of not less than $875,272.68 as of May 14, 2020, together with pre- and post-judgment interest and such other amounts as will be proven at trial, together with its reasonable attorney fees, costs, and expenses as provided for under both the Franchise Agreement and the Guaranty.

## PRAYER FOR RELIEF

WHEREFORE, Red Lion respectfully prays for the following relief from Defendants:

A. Money judgment against Defendants, jointly and severally, for not less than $875,272.68 as of May 14, 2020, together with such other amounts as are proven at trial;

B. An award of Red Lion's attorney fees and costs, as provided for under the Guaranty and associated documents;

C. Pre-judgment and post-judgment interest; and

D. Such other and further additional relief as the Court deems just and proper.

Dated this 9th day of July, 2020.

Respectfully submitted,

*s/ Sean M. Hanlon*
Sean M. Hanlon, #39686
Shawn A. Eady, #38650
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Post Office Box 8749
Denver, Colorado  80201-8749
Telephone: (303) 295-8000
smhanlon@hollandhart.com
saeady@hollandhart.com
**ATTORNEYS FOR PLAINTIFF**

Address of Plaintiff:
1550 Market Street, #350
Denver, CO 80202

14927768_v1