# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:20-CV-02006**

**RED LION HOTELS FRANCHISING INC., a Washington corporation**

      **Plaintiff**

**v.**

**TIMOTHY NYSTROM, an individual; DONNA NYSTROM, an individual; LOUIS SCOTT TARWATER, an individual; ROB LAWSON, an individual; and CARRIE GENUALDI, an individual.**

      **Defendants**

## DEFENDANT ROB LAWSON'S ANSWER AND AFFIRMATIVE DEFENSE'S TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

COMES NOW Defendant Rob Lawson and files this his Answer and Affirmative Defense to Plaintiff's Original Complaint and for same Defendant Lawson respectfully shows this Court as follows:

## PARTIES

1. Defendant admits Red Lion Hotels Franchising, Inc ("Red Lion") is the Plaintiff. Defendant lacks sufficient knowledge or information to form a belief about the principal place of business of Red Lion and whether it is a citizen of Washington, Colorado or both as stated in Paragraph 1.

2. Defendant admits that Timothy Nystrom and Donna Nystrom are husband and wife and reside in Southlake, Texas and are therefore citizens of Texas.

1

3. Defendant admits that Louis Scott Tarwater and Donna Tarwater are husband and wife and reside in Flower Mound, Texas and are therefore citizens of Texas.

4. Defendant admits that Rob Lawson and Carrie Genualdi are husband and wife. Defendant denies that they are residents of Flower Mound, Texas and denies that they are citizens of Texas. Rob Lawson and Carrie Genualdi reside at 7367 Weaver Circle, Castle Rock, CO, 80104 and are citizens of Colorado.

### JURISDICTION AND VENUE

5. Defendant lacks sufficient knowledge or information to admit or deny the allegation that the Court has jurisdiction over the Defendants pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs in Paragraph 2. Defendant lacks sufficient knowledge or information to form a belief about the allegation in Paragraph 2 that the principal place of business of Red Lion and whether it is a citizen of Washington, Colorado or both. Defendant admits that Timothy Nystrom and Donna Nystrom and Louis Scott Tarwater and Donna Tarwater are citizens and residents of Texas. Defendant denies that Rob Lawson and Carrie Genualdi are citizens and residents of Texas.

6. Defendant lacks sufficient knowledge or information to form a belief about whether the contracts giving rise to this action contemplate that the state and federal courts of Colorado will be the exclusive venue for any dispute between the parties. Defendant lacks sufficient knowledge or information to admit or deny the allegation in Paragraph 6 that a substantial part of the events or omissions giving rise to Red Lion's claims occurred in this district because Red Lion entered into contracts with Defendants while doing business in this district and whether Defendants' payments were and are due to Red Lion as a part of its business in this district.

7. Defendant lacks sufficient knowledge or information to form a belief about the allegation in Paragraph 7 that the Defendants consented to this Court's jurisdiction. Defendant lacks sufficient knowledge to admit or deny the allegation in Paragraph 7 that Defendants entered in transactions with Red Lion (whose principal place of business is located within the bounds of this court).

## FACTUAL ALLEGATIONS

### A. Franchise Agreement

8. Defendant lacks sufficient knowledge to admit or deny the allegation in Paragraph 8.

9. Defendant lacks sufficient knowledge to admit or deny the allegation in Paragraph 9.

10. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 10.

11. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 11.

### B. Promissory Note

12. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 12.

13. Defendant lacks sufficient knowledge to admit or deny the allegation in Paragraph 13.

14. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 14.

15. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 15.

16. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16.

17. Defendant admits the allegation in Paragraph 17.

### C. Defendants' Personal Guaranty of the Franchise Agreement and Note

18. Defendant denies the allegations in Paragraph 18 as it relates to Defendants Robert Lawson and Carrie Genualdi because they did not sign the Guaranty. Defendant lacks sufficient knowledge to admit or deny the allegations as they relate to the other Defendants.

19. Defendant denies the allegation in Paragraph 19.

3

20. Defendant denies the allegations in Paragraph 20 as they relate to Defendants Robert Lawson and Carrie Genualdi because they did not sign the Guaranty. Defendant lacks sufficient knowledge to admit or deny the allegations as they relate to the other Defendants.

21. Defendant denies the allegations in Paragraph 21 as they relate to Defendants Robert Lawson and Carrie Genualdi because they did not sign the Guaranty. Defendant lacks sufficient knowledge to admit or deny the allegations as they relate to the other Defendants.

22. Defendant denies the allegations in Paragraph 22 as they relate to Defendants Robert Lawson and Carrie Genualdi because they did not sign the Guaranty. Defendant lacks sufficient knowledge to admit or deny the allegations as they relate to the other Defendants.

23. Defendant denies the allegations in Paragraph 23 as they relate to Defendants Robert Lawson and Carrie Genualdi because they did not sign the Guaranty. Defendant lacks sufficient knowledge to admit or deny the allegations as they relate to the other Defendants.

## CLAIM FOR RELIEF

### Breach of Contract

24. Defendant reasserts and incorporates his responses to Paragraphs 1 – 23 by reference and as if fully set forth herein.  Further answering, Defendant lacks sufficient knowledge to admit or deny the allegation in Paragraph 24.

25. Defendant lacks sufficient knowledge to admit or deny the allegation in Paragraph 25.

26. Defendant lacks sufficient knowledge to admit or deny the allegation in Paragraph 26.

27. Defendant lacks sufficient knowledge to admit or deny the allegation in Paragraph 27.

28. Defendant lacks sufficient knowledge to admit or deny the allegation in Paragraph 28 that "Neither Newstream nor Defendants have paid Red Lion's outstanding fees, costs, or interest accrued under the Franchise Agreement,"  Defendant denies the allegation that

"Defendants are therefore jointly and severally liable for all payments and obligations under the Franchise Agreement and Note."

29.   Defendant denies the allegations in Paragraph 29.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief it seeks in the Prayer, including the relief it seeks in subparagraphs  A-D, inclusive or by virtue of any allegation of fact, opinion or purported legal conclusion set forth in Plaintiff's Complaint.  Defendant denies that Plaintiff is entitled to any relief or damages of any nature whatsoever.

### ADDITIONAL DETAIL

To the extent that Defendant has not expressly admitted any of the allegations contained in Plaintiff's Complaint, Defendant denies those allegations.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses, pleading in the alternative and without limitation, and pleading only if such defenses be necessary, as all liability is denied.

A.  Any attorney's fees and related litigation expenses or costs that Plaintiff alleges it has incurred or will incur, were proximately caused and exacerbated solely by the acts of Plaintiff and/or the other Defendants named in the Complaint.

B.  Defendant is not liable to Plaintiff because of fraud.  Defendant did not sign his name to the Guaranty.  The electronic signature of Defendant on the Guaranty is not his electronic signature and another party to the Franchise Agreement/Guaranty signed Defendant's signature without Defendant's prior knowledge and/or his prior permission.

5

C.  Defendant expressly reserves his right to assert additional affirmative defenses.

Respectfully submitted,

**/S/Debra Edmondson**
Debra Edmondson
Texas Bar 24045824

**The Edmondson Law Firm, PLLC**
P.O. Box 92801
11001 E. Southlake Blvd., Ste. 400
Southlake, TX   76092

817-416-5291 (O)
debra@edmondsonlawfirm.com
**ATTORNEY FOR DEFENDANT ROBERT LAWSON**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been provided to all attorneys of record on August 23, 2020, as set forth below:

Sean M. Hanlon
HOLLAND & HART LLP
555 Seventeenth Street, Suite 300
Post Office Box 8749
Denver, CO  80201
Shawn A. Eady
HOLLAND & HART LLP
555 Seventeenth Street, Suite 300
Post Office Box 8749
Denver, CO  80201

Ashlee Hoffmann
Burnham Law
2760 29th St., Suite 1E
Boulder, CO 80301

**/S/Debra Edmondson**
Debra Edmondson